### BLAIR *v.* ST. LOUIS, H. & K. R. Co. and others.[1]

*(Circuit Court, E. D. Missouri.   April 30, 1884.)*

1. **LEGAL ADVISERS OF RECEIVERS—WHO ARE INCOMPETENT.**
      Where, during the pendency of foreclosure proceedings against a railroad company, a receiver is appointed, the attorney of the plaintiff should not be authorized to act as the receiver's legal adviser.

2. **SAME.**
      Nor will an attorney be appointed legal adviser of a receiver who is related to him, and has come from abroad and become a member of the bar of the circuit for the purpose of securing the appointment.

3. **SAME.**
      In the absence of any special reason for so doing, the court will not go outside of the bar of the circuit in selecting a legal adviser for a receiver.

4. **RECEIVERS—WHEN APPOINTED.**
      *Semble*, that where a railroad company has failed to pay interest on its bonds when due, and foreclosure proceedings are commenced against it, a receiver should not be appointed, in the absence of fraud, incompetency, etc., to do what the corporate authorities could do better.

In Equity.   Motion by receiver to have order appointing legal advisers rescinded, and to substitute for the attorneys then employed a Chicago attorney, who was already attorney for the bondholders, and the receiver's brother, who had lately come to St. Louis from Wisconsin, and had been admitted to the federal bar of this circuit.

*Walter C. Larned,* for complainant.

TREAT, J.   A bill on the part of the mortgagee was filed in this case for the foreclosure of a mortgage and the appointment of a receiver *pendente lite*.   The allegations of the bill were that the managers of the road had practically abandoned the control and conduct of the same, whereby the preservation of the property required a receiver *pendente lite*.   A court should not, on mere default of interest on bonds, take possession of a railway and substitute a receiver of its appointment to do what the corporate authorities, more familiar with its interests, could better do.   In the absense of fraud, incompetency, etc., the court, pending a proceeding for a foreclosure, under ordinary circumstances, will not take possession through its receiver of the corporate property and substitute its officer in the place of the corporate offi-

---

[1] Reported by Benj. F Rex, Esq., of the St. Louis bar.

cers. It may be that the view is creeping into administration of law that when a mortgagee asks for a foreclosure and receiver, if default of interest has occurred, the court must appoint a receiver and operate the road accordingly. Indeed, this view has been carried so far as to permit the receiver to build unfinished roads, supply feeders, etc., of the road which thus comes into his hands. It is true that there should be a more clearly defined view judicially of the rights and duties involved in such cases. It is not needed now that the whole subject should be reviewed, whereby what is an abuse of the forms of law have imposed upon courts the construction of railroads, their extension or operation for an indefinite period of time. Courts are not designed for such railroad operations, through its administrative officers or otherwise. The sole object in ordinary cases of foreclosure, if the corporate authorities in possession are incompetent, is to put the property in a receiver's hands for the interest of all concerned in the litigation, viz., stockholders, mortgagees, other lien creditors, creditors at large, etc. Courts should not interfere with the custody and management of the business of the corporation through its corporate officers pending litigation except for cause shown.

In the case under consideration, the court, for what it deemed adequate cause, appointed a receiver under terms stated in his appointment. He was requested to report as to assets, etc. He did so, and in so doing suggested to the court to name a fixed salary for an attorney to aid him in the discharge of his duties. That was not done, because the court was not then prepared to fasten upon the assets a salaried officer, and because it did not then know that legal services would be needed, or if so to what extent. It soon became evident that intervening demands required attention, and that some attorney of this court should represent the rights vested temporarily in the receiver, and that said attorney should be where he could attend to the business. Suggestions came from the receiver in that respect which did not meet approval, and do not now.

It is urged that the attorney for the plaintiff should be authorized to act for the receiver, inasmuch as the plaintiff is especially interested in defeating all claims adverse to plaintiff's rights, and securing an economical administration of the estate. To this it must be answered that he represents his own client, and the latter can employ him and pay him accordingly if desired, but cannot fasten his compensation on a fund in which he has not the sole interest, but often only a partial or adverse interest. His appointment might be wholly inconsistent with his duties as plaintiff's counsel.

Another name was suggested, and doubtless the attorney is competent; but he was a stranger to the bar of this circuit when suggested, and apparently has come here for the purpose, to some extent, to be placed in the position desired, and has now become a member of this bar. It seems that one who accepts the office of receiver under an appointment from this court ought to find some competent attorney

of this court, and responsible to it, to aid him with legal advice if needed. If the bar of this circuit is so poor in ability or integrity as to have no member thereof fit for the desired position, then it might be well to seek elsewhere for needed aid. This court is not prepared to make even impliedly such a reflection on the bar of this circuit, nor will it grant a motion which seeks to make one, however able, but who is not a member of this bar, or has just come here with respect to this case mainly, so far as I know, the appointee of this court as attorney and counselor of its officers; nor will it sanction by its appointment the introduction from abroad of any one, especially a kinsman of the receiver, through the latter's solicitation, under circumstances stated, to fill a position which others long known to the court are, to say the least, equally able to fill.

It is unpleasant thus to speak, but the court must guard the administration of this trust, and will do so despite questions of mere delicacy. If the thought obtains that the plaintiff is to control the receivership regardless of other than his own interests, the sooner that error is dispelled the better. If the receiver supposes he is at liberty to do whatever seems to him advisable, he must bear in mind that, while under the terms of his appointment large discretion is granted, his administration is subject to scrutiny and review.

The court will not name a legal adviser for him who is not equal to the position, nor would it have named any one if he had not come to the court with respect thereto. It was then seen, and is now seen, that his wishes in that respect omitted to consider what the court deems essential in such cases. If the needs of his office require legal advice, when the court comes thereafter to pass upon his expenditures, there may be such allowance therefor as the court may consider reasonable and proper. If he prefers to go forward without the immediate aid of the court, under the general instructions given, he is at liberty to do so; but as he asked the intermediate aid of the court, and now knows what its views are, if he did not know before, the court will rescind the order heretofore made, but will not substitute, for reasons here suggested, the names stated in the motion, nor will it appoint any one not an attorney and counselor of this court, nor consider that the receiver properly performs his duty by seeking foreign counsel to perform local duties. If special matters require aid of foreign counsel let him ask therefor. It is evident that many adverse interests will arise, each representative of which must employ his own attorney. If it is apparent that, *inter sese*, several other claimants than bondholders and stockholders are respectively adverse to each other, there is no reason in justice that all these conflicting interests should be subject to the attorney of one interested party rather than the attorney of another. The receiver should seek legal advice, if needed, from other than attorneys of parties litigant. His office is one of strict impartiality and he must act accordingly. The mortgagee, holders of statutory liens, creditors at large, and stockholders, are equally benefi-

ciaries, and they must respectively employ their own attorneys; and no one class have, through the aid of the court, the means of fastening on a common fund the expense of pursuing his special interests adverse y to others who have an equal right to be heard.

The order heretofore entered will be rescinded, and the receiver must act in accordance with the views expressed.